IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | | |
|---|---|---|
| CINCINNATI INSURANCE COMPANY | ) ) ) | |
| Plaintiff, | ) ) | Case No. |
| vs. | ) ) | |
| SAINT LOUIS PRODUCE MARKETS INC., | ) ) | JURY TRIAL DEMANDED |
| Defendant. | ) ) ) | |

**COMPLAINT FOR DECLARATORY JUDGMENT**

Plaintiff, Cincinnati Insurance Company ("Cincinnati"), by and through its undersigned counsel, pursuant to Rule 87 of the Missouri Rules of Civil Procedure and Chapter 527 of the Revised Statutes of Missouri, and for its Petition for Declaratory Judgment against Defendant Saint Louis Produce Market, Inc., states as follows:

1. Plaintiff is a stock insurance company organized and existing under the Statutes of Ohio with its principal place of business in Ohio and is licensed to do business in the State of Missouri by the Missouri Department of Insurance.

2. Upon reasonable information and belief, Defendant Saint Louis Produce Market, Inc. is organized under the laws of Missouri and with its principle place of business in the City of St. Louis in the State of Missouri.

3. Cincinnati brings this action pursuant to Missouri's Declaratory Judgement Act and seeks a judicial declaration of Plaintiff's rights, duties, and obligations regarding a policy of insurance issued to Saint Louis Produce Market, Inc.

4. An actual judicial controversy exists between Cincinnati and Defendant, and the resolution of the matters raised in this declaratory judgment action will dispose of all issues and disputes between Plaintiff and Defendants.

5. Cincinnati has no other adequate remedy at law.

6. Cincinnati issued a Building and Personal Property Policy, Policy Number CPP 108 92 41/CPA 108 92 41, to Saint Louis Produce Market, Inc. that was in effect from November 18, 2015 to November 18, 2018, except that the Automobile and/or Garage coverage period was November 18, 2015 to November 18, 2016 ("Policy"). (**Exhibit A**, Commercial Property Coverage Part).

7. This Policy insured property owned by Saint Louis Produce Market, Inc. located at 1 Produce Row, St. Louis, Missouri 63102.

8. The coverage issues associated with this declaratory judgement action involved an October 9, 2017 storm event with alleged hail damage to the roofs of the insured property.

9. At the time of the October 9, 2017 storm event, Saint Louis Produce Market, Inc. was a named insured under the Policy.

10. On or about April 28, 2012, a major storm event that included hail impacted the Saint Louis, Missouri region.

11. During the April 2012 storm event, hail struck the roofs and other surfaces of the buildings owned by Saint Louis Produce Market, Inc. at 1 Produce Row, St. Louis, Missouri 63102.

12. Saint Louis Produce Market, Inc. filed a claim for hail damage as a result of April 2012 storm with Acuity Insurance, Saint Louis Produce Market, Inc.'s insurer at the time.

13. The Acuity claim included damage to metal roofing, as well as damage to the aging flat roof surfaces.

14. Acuity Insurance issued a Policyholder's Release, which was the executed by Saint Louis Produce Market, Inc., for $170,462.00.

15. Subsequent storms on or about December 20, 2012 and November 17, 2013 caused significant storm and wind damage to the roofs of buildings owned by Saint Louis Produce Market, Inc. and resulted in additional claims with Acuity.

16. On October 9, 2017, the St. Louis, Missouri region was impacted by the storm event at issue in the current claim filed by Saint Louis Produce Market, Inc. with Cincinnati.

17. The Policy contains the following relevant provisions:

**MISSOURI CHANGES**

*****

**Appraisal**

If we and you disagree on the value of the property or the amount of loss ("loss"), either may make written demand for an appraisal of the loss ("loss"). In this event, each party will select a competent and impartial appraiser and notify the other of the appraiser selected within 20 days of the written demand for appraisal. The two appraisers will select an umpire. If they cannot agree upon an umpire within 15 days, then, upon your or our request, an umpire shall be selected by a judge of a court of record in the state and county (or city if the city is not within a county) in which the property covered is located. The appraisers will state separately the value of the property and amount of loss ("loss"). If they fail to agree, they will submit their differences to the umpire. The umpire shall make an award within 30 days after the umpire receives the appraisers' submissions of their differences. A decision agreed to by any two will be binding.

Each Party will:
   1. Pay its chosen appraiser; and
   2. Bear the other expenses of the appraisal and umpire equally.
If there is an appraisal, we will still retain our right to deny the claim.

**BUILDING AND PERSONAL PROPERTY COVERAGE FORM (INCLUDING SPECIAL CAUSES OF LOSS)**

*****

**SECTION A. COVERAGE**

We will pay for direct physical "loss" to Covered Property at the "premises" caused by or resulting from any Covered Cause of Loss.

*****

3. **Covered Causes of Loss**
   a. **Risks of Direct Physical Loss**

   Covered Causes of Loss means RISKS OF DIRECT PHYSICAL LOSS unless the "loss" is:

   **(1)** Excluded in **SECTION A. COVERAGE, 3. Covered Causes of Loss, b. Exclusions**; or
   **(2)** Limited in **SECTION A. COVERAGE, 3. Covered Causes of Loss, c. Limitations**;

*****

**SECTION G. DEFINITIONS**

*****

**4. "Coverage term"** means the following individual increment, or if a multi-year policy period, increments, of time, which comprise the policy period of this Coverage Part:

**a.** The year commencing on the Effective Date of this Coverage Part at 12:01 A.M. standard time at your mailing address shown in the Declarations, and if a multi-year policy period, each consecutive annual period thereafter, or portion thereof if any period is for a period of less than 12 months, constitute individual "coverage terms". The last "coverage term" ends at 12:00 A.M. standard time at your mailing address shown in the Declarations on the earlier of:

**(1)** The day the policy period shown in the Declarations ends; or
**(2)** The day the policy to which this Coverage Part is attached is terminated or cancelled.

**b.** However, if after the issuance of this Coverage Part, any "coverage term" is extended for an additional period of less than 12 months, that additional period of time will be deemed to be part of the last preceding "coverage term".

*****

9. **"Loss"** means accidental loss or damage.

\*\*\*\*\*

**COMMERCIAL PROPERTY CONDITIONS**

\*\*\*\*\*

**H.**   **Policy Period, Coverage Territory**
Under this Coverage Part:
1. We cover "loss" commencing:
   a. During the policy period shown in the Declarations; and
   b. Within the coverage territory.
2. The coverage territory:
   a. The United States of America (including its territories and possessions);
   b. Puerto Rico; and
   c. Canada.

\*\*\*\*\*

18. Saint Louis Produce Market, Inc. alleges that the October 9, 2017 storm caused its buildings to suffer hail damage to a significant portion of the roofing materials.

19. Cincinnati disputes the extent and areas of damage being claimed by Saint Louis Produce Market, Inc. as a result of this storm.

20. In response to Cincinnati's findings, Saint Louis Produce Market, Inc. made a written demand for appraisal.

21. However, Saint Louis Produce Market, Inc.'s demand for appraisal is not appropriate in that it seeks to include damage that is not covered by the Policy in that it includes areas of the buildings that were not damaged in the October 9, 2017 storm.

22. The Appraisal provision in the Policy is intended to resolve disputes regarding the value of the property or the amount of loss, and not the extent of damage.

23. Furthermore, there is no evidence that the October 9, 2017 storm event caused the majority of the damage being claimed by Saint Louis Produce Market, Inc.

24. During the claim process Cincinnati retained Haag Engineering to investigate the alleged damage.

25. Haag Engineering's investigation on October 9, 2018 determined that the majority of damage claimed by Saint Louis Produce Market, Inc. preexisted the October 9, 2017 storm event.

26. In particular, the report completed by Haag Engineering noted the dents in the light metal were discolored, indicating these dents were formed long ago, and that older light metals had significantly more dents due to hail. Additionally, these dents in the light metal did not align with any spatter marks, suggesting the dents occurred more than two years prior to the date of inspection.

27. Further, Haag Engineering determined that no hail had fallen since the April 28, 2012 storm, which was the subject of a claim filed with Acuity Insurance, that was large enough to damage the flat roof surfaces of the buildings located at 1 Produce Row, St. Louis, Missouri 63102.

28. Lastly, Haag Engineering noted that the wind torn edge flashing and field membrane on the buildings at 1 Produce Row, St. Louis, Missouri 63102 had dirt and debris underneath the damage sections, and, therefore, this damage was also aged.

29. Following the investigation by Haag Engineering, Young & Associates produced an estimate for the cost of repairs for the covered damage. The actual cash value for the covered damage was $46,244.29.

30. The applicable deductible under the Policy was $50,000.00, and, therefore, Cincinnati did not make payment as the actual cash value of the covered damage was less than the applicable deductible.

31. Cincinnati stated that once the covered damage was repaired, payment in the amount of $4,997.93 would be made upon proof of the work being completed.

32. To date, no such proof has been provided by Saint Louis Produce Markets and therefore no additional payments are owed to Defendant.

33. Furthermore, Defendant's demand that appraisal include damages that are not covered, for the reasons stated above, was properly rejected.

WHEREFORE, Cincinnati Insurance Company requests that this Court enter judgment in favor of Cincinnati, and against Defendant Saint Louis Produce Market, Inc., on Cincinnati's Petition for Declaratory Judgment, and declare that the appraisal demanded by Saint Louis Produce Market was properly rejected because it sought to appraise damages that were not covered; that Cincinnati has paid or offered to pay for all covered damage that was a result of the October 9, 2017 storm event, and, therefore, no additional coverage is afforded under the Cincinnati Policy for the claims being brought by Saint Louis Produce Market, Inc.; and, that Cincinnati does not owe any additional money to Defendant, for its costs, and for all other relief that the Court deems just and proper under the circumstances.

BROWN & JAMES, P.C.

/s/ David P. Bub
David P. Bub, 44554(MO)
Brandon B. Copeland, 58226(MO)
Matthew R. Kaste, 71959(MO)
800 Market Street, 11th Floor
St. Louis, Missouri 63101
314-421-3400
314-421-3128 – FAX
dbub@bjpc.com
bcopeland@bjpc.com
*Attorneys for The Cincinnati Insurance Company*

22421808.1