UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| CINCINNATI INSURANCE COMPANY, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Case No. 4:20-cv-00358-SNLJ |
| | ) |
| SAINT LOUIS PRODUCE MARKETS, INC., | ) |
| | ) |
| Defendant. | ) |

**MEMORANDUM AND ORDER**

This matter comes before the Court on defendant Saint Louis Produce Markets, Inc.'s motion to compel appraisal (ECF #19) and plaintiff Cincinnati Insurance Company's motion for judgment on the pleadings (ECF #23). For the reasons that follow, both motions will be **DENIED**.

**I. BACKGROUND**

This case involves a dispute between an insurer, plaintiff, and its insured, defendant. The relevant policy, having a period of November 18, 2015 to November 18, 2018, covered defendant's property located at 1 Produce Row, St. Louis, Mo 63102. On October 9, 2017, a storm passed over the property resulting in what defendant calls "significant" roof damage. Therefore, defendant filed a claim for "hail damage" as a result of that storm, which plaintiff denied in part citing past storms that had caused the "majority" of the damage. In noting this past damage, plaintiff highlights that defendant has collected from other, non-party insurers for the same roof-related damage for storms

1

that occurred in 2012 and 2013. Plaintiff says that, according to its engineering experts, "there is no evidence the October 9, 2017, storm event caused the majority of the damage being claimed by [defendant]." And noting defendant's $50,000 deductible, plaintiff has not made a "payment as to the actual cash value of the covered damage."

Displeased, defendant "made a written demand for appraisal." The policy's appraisal provision reads in relevant part:

> **Appraisal**
> If we and you disagree on the value of the property or the amount of loss ("loss"), either may make written demand for an appraisal of the loss ("loss"). In this event, each party will select a competent and impartial appraiser and notify the other of the appraiser selected within 20 days of the written demand for appraisal. The two appraisers will select an umpire. If they cannot agree upon an umpire within 15 days, then, upon your or our request, an umpire shall be selected by a judge of a court of record in the state and county (or city if the city is not within a county) in which the property covered is located. The appraisers will state separately the value of the property and amount of loss ("loss"). If they fail to agree, they will submit their differences to the umpire. The umpire shall make an award within 30 days after the umpire receives the appraisers' submissions of their differences. A decision agreed to by any two will be binding.

(ECF #1-1, p. 11). Plaintiff denied the appraisal request, however, citing its inappropriateness "in that it seeks to include damage that is not covered by the Policy in that it includes areas of the building that were not damaged in the October 9, 2017 storm." In other words, plaintiff says appraisal is not appropriate where the true dispute is one over coverage and not simply the "value of the property or the amount of loss." Accordingly, plaintiff filed this declaratory judgment action seeking a declaration that:

> the appraisal demanded by [defendant] was properly rejected because it sought to appraise damages that were not covered; that [plaintiff] has paid or offered to pay for all covered damage that was a result of the October 9, 2017 storm event, and, therefore, no additional coverage is afforded under

2

the [] Policy for the claims being brought by [defendant]; and, that [plaintiff] does not owe any additional money to [defendant], for its costs[.]

(ECF #1, p. 7).

Defendant responds to plaintiff's complaint with a motion to compel appraisal, arguing the dispute is, in fact, not of coverage but merely of valuation in that "[p]laintiff agrees the building suffered damage from the October 9, 2017, storm but disputes *how much damage* the property sustained[.]" (emphasis added). Plaintiff's motion for judgment on the pleadings runs counter to this argument and seeks a full declaration upon the above-referenced terms.

## II. ANALYSIS

This Court is being asked to resolve a narrow issue: when does a coverage dispute end and a valuation dispute begin for purposes of enforcing a policy's appraisal clause? "Although case law addressing this issue is limited" in Missouri, there is enough recent caselaw to dispose of it. *Am. Fam. Mut. Ins. Co. v. Dixon*, 450 S.W.3d 831, 836 (Mo. App. E.D. 2014).

Having carefully reviewed the parties' briefing and supportive caselaw, this Court finds defendant's motion unavailing. Under substantially similar facts, this Court recently denied a motion to compel appraisal where the dispute was over coverage, not the amount of loss, that Missouri law makes clear "cannot be resolved through the appraisal process." *Refrigeration Supplies, Inc. v. Acadia Ins. Co*., 2020 WL 905802 at *1 (E.D. Mo. Feb. 25, 2020) (rejecting appraisal claim where dispute involved hail damage to roof and insurer had denied claim on grounds that it was not a covered loss within the policy

3

period); *see also Olga Despotis Trust v. Cincinnati Ins. Co.*, 867 F.3d 1054, 1060 (8th Cir. 2017). The parties' dispute over this well-entrenched rule lies in the factual intertwining of two legal concepts—coverage and valuation—that become blurred when the rationale for denying coverage sounds nearly identical to the rationale for limiting the value of the loss itself. But, when, as here, the insurer concludes that the majority of damage to a roof was caused by weather-related events occurring outside of the policy period, such a conclusion clearly raises an issue of coverage as it touches upon the policy's durational limits. Indeed, "[a]n occurrence policy provides coverage for an event that occurs during the policy period," so plaintiff's conclusion that defendant's loss *did not* occur entirely within the policy period raises a coverage dispute. *Kretsinger Real Estate Co. v. Amerisure Ins. Co.*, 498 S.W.3d 506, 512 (Mo. App. W.D. 2016) (policy did not cover damage to concrete parking lot where the harm occurred at the lot's faulty construction and not the cracking that resulted during the policy period). This Court is beholden to apply the rationale of the Missouri Supreme Court, which long ago explained that valuation arguments must yield when they are "incidental to the actual underlying legal controversy between the parties as to the meaning of the insurance contract and its application to the facts." *Hawkinson Tread Tire Serv. Co. v. Indiana Lumbermens Mut. Ins. Co. of Indianapolis, Ind.*, 245 S.W.2d 24, 28 (Mo. 1951). That is to say, coverage disputes trump disagreements over valuation.

Defendant, though, cites the Western District of Missouri's opinion in *Underwriters at Lloyd's of London, Syndicate 4242 v. Tarantino Properties, Inc.*, 2012 WL 3835385 (W.D. Mo. Sept. 4, 2012)—a much more recent case than *Hawkinson*—and

4

says it is "directly on point" in favoring defendant's position. In *Tarantino*, the insurer filed a declaratory judgment action denying coverage for much of the insured's loss, and the insured responded by filing a motion to compel appraisal. *Id*. at *2. Like this case, the insured argued its property was damaged by a storm, whereas the insurer claimed the majority of the damage was caused by non-covered events—inadequate maintenance, ordinary wear and tear, and prior losses. *Id*. at *3. The court distinguished *Hawkinson* by noting that "[i]n *Hawkinson*, the parties disagreed on whether the policy, which limited the insurer's liability to the period required to rebuild or replace the loss, continued to provide coverage after the insured resumed operations at a temporary facility." *Id*. at *3 (citing *Hawkinson*, 245 S.W.2d at 26-27). Whereas, "[u]nlike in *Hawkinson*[,] the parties' disagreement [here] is not over the meaning of the policy," but instead "depends on a question of fact: to what extent was the claimed loss caused by wind and/or hail, covered by the policy, or by something else, possibly excluded by the policy?" *Id*.

*Tarantino* would, indeed, seem applicable to this case. However, this Court respectfully disagrees with *Tarantino*'s reasoning. In *Hawkinson*, the Missouri Supreme Court defined a coverage dispute as a "controversy and disagreement [that] relate to defendant's liability or, more accurately, ***the extent of its liability***." 245 S.W.2d at 830 (emphasis added). And that disagreement derived not only from "controversy between the parties as to the meaning of the insurance contract," but also "***its application to the facts***." *Id*. (emphasis added). So, *Tarantino*'s distinction appears to conflict with *Hawkinson*. The issue in *Hawkinson* is the same as confronted here—the extent of coverage under the facts—and calling the dispute one of valuation, so as to authorize the

5

appraisal process, would constitute an impermissible assignment of the dispute (by the Court no less) to what is effectively arbitration through so-called "appraisers" and "umpires." *See* § 435.350, RSMo. (excluding "contracts of insurance" from arbitrability). In fact, two years after *Tarantino* was decided, the Missouri Court of Appeals, relying on Section 435.350 of the Missouri Revised Statutes, concluded that a policy's appraisal provision did not apply to insured's claim regarding hail damage to his house where the parties disputed the extent and cause of damages. *See Am. Fam. Mut. Ins. Co. v. Dixon*, 450 S.W.3d 831, 833 (Mo. App. E.D. 2014). The court noted that the policy's appraisal provision did "not give the appraisers the authority to determine, in the first instance, whether a covered loss exists." Rather, "[o]nce a covered loss is established, the policy clearly limits the function of the appraisers to determine the 'actual cash value and the amount of loss.'" *Id*. at 835. Accordingly, pursuant to *Hawkinson*, the court concluded that it is improper for an appraiser to determine "whether or not there *exists* a covered loss" as opposed to the "*extent* of a covered loss." *Id*. at 836 (emphasis added).

Like *Dixon*, this case involves a claim that a particular storm did not, in fact, cause the insured's damages—or at least, not the majority of them. The question of coverage being asked here is *what* caused defendant's roof damage, not the "*value* of the … amount of loss" (the policy's express and limiting language) resulting from those causes. If experts are to disagree on causation, and here that seems likely, such credibility determinations are to be through judicial channels and not, as defendant urges, through "appraisers" and "umpires" masquerading as unapproved and statutorily disallowed

6

arbitrators. § 435.350, RSMo; *see also Dixon*, 450 S.W.3d at 832-833, 836. The dispute being one of coverage, defendant's motion to compel appraisal is denied.

That leaves plaintiff's motion for judgment on the pleadings. While this Court agrees "that the appraisal demanded by [defendant] was properly rejected" at the current stage—one of the declarations sought in this case—plaintiff does nothing to establish that its other declarations are subject to judgment on the pleadings. For example, plaintiff does nothing to establish that it "does not owe any additional money to defendant." This Court would have to adopt, without scrutiny, the opinions of plaintiff's experts for this to occur. There remains a live coverage dispute—that's the entire point of rejecting defendant's motion to compel appraisal. And, of course, a motion for judgment on the pleadings generally cannot be based on matters outside the pleadings. *von Kaenel v. Armstrong Teasdale, LLP*., 943 F.3d 1139, 1143 (8th Cir. 2019); *see also Fernandez v. St. Louis Cty., Mo*., -- F. Supp.3d --, 2020 WL 2526557 at *1 (E.D. Mo. May 18, 2020). Accordingly, plaintiff's motion is also denied.

### III. CONCLUSION

Accordingly,

**IT IS HEREBY ORDERED** that defendant Saint Louis Produce Markets, Inc.'s motion to compel appraisal (ECF #19) is **DENIED**.

**IT IS FURTHERED ORDERED THAT** plaintiff Cincinnati Insurance Company's motion for judgment on the pleadings (ECF #23) is **DENIED**.

So ordered this 1st day of October 2020.

                                          _____
                                          STEPHEN N. LIMBAUGH, JR.
                                          SENIOR UNITED STATES DISTRICT JUDGE